# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. LABONTE,

             Plaintiff,

          v.

UNITED STATES,

             Defendant.

No. 18-1784C

(Chief Judge Sweeney)

## PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND

Plaintiff, Robert J. LaBonte, Jr. ("Mr. LaBonte"), respectfully opposes Defendant's Motion to Extend the Deadline to Respond to the Complaint. Mr. LaBonte has waited more than a decade for a fair adjudication of his request for medical retirement, and any further delay prejudices him.

Mr. LaBonte filed his complaint in this Court on November 20, 2018, to obtain the benefits he is owed after nearly fifteen years of attempting to get the Army to recognize the debilitating injuries he incurred during his combat tour in Iraq. ECF No. 1. He has consented to four extensions to Defendant's response to the complaint, for a total of 84 days beyond the original response deadline. These included: (1) a request to stay all deadlines during the 2018-2019 lapse in appropriations, ECF No. 8;  (2) the Government's motion to extend the February 4, 2019 deadline to submit the Joint Status Report until February 19, 2019, ECF No. 11; (3) the Parties' Joint Status Report, requesting that the Defendant respond to the Complaint by April 5, 2019 rather than March 1, 2019, ECF No. 13; and (4) the Government's motion to extend the April 5, 2019 deadline to respond to the complaint until April 16, 2019, ECF No. 16. Mr. LaBonte did not oppose Defendant's four extensions to respond to the complaint for three reasons: (1) to compensate for the five-week lapse in Department of Justice appropriations, *see*

ECF No. 10; (2) "to provide the Army sufficient time to gather the relevant records and prepare the litigation report for the Department of Justice that is required by 28 U.S.C. § 520", ECF No. 12; and (3) to accommodate opposing counsel's litigation schedule. Further, the lapse in appropriations did not affect the Army—the agency responsible for gathering the administrative record. Under the current timeline, the Army will have had 147 days to produce the administrative record and otherwise assist in the response to the Complaint, without any impact from the lapse in appropriations.

An additional extension until May 3, 2019, however, prejudices Mr. LaBonte's interests and thus should be denied. *See Brooks v. United States*, No. 15-843L, 2018 WL 564395, at *3 (Fed. Cl. Jan. 26, 2018) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)) (good faith requests for enlargements of time are normally granted, unless there is "prejudice to the adverse party"). To date, Defendant's response to the Complaint has been delayed 84 days. Further delay means Mr. LaBonte continues to suffer monetary loss and denial of ancillary benefits of retirement, such as health care. Moreover, because prejudgment interest is not authorized in military pay cases, *Barnick v. United States*, 80 Fed. Cl. 545, 555 (2008), additional delay in adjudicating Mr. LaBonte's claim further prejudices him. *Crooker v. United States*, No. 10-546C, 2011 WL 6118602, at *1 (Fed. Cl. Nov. 19, 2011) (in cases where prejudgment interest is not available, "unnecessary delay would injure a successful plaintiff").

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Extend the Deadline to Respond to the Complaint, and affirm Tuesday, April 16, 2019, as the deadline for Defendant's response to the Complaint.

Dated: April 16, 2019                    Respectfully Submitted,

By: s/Michael J. Wishnie

Samuel Davis, Law Student Intern
Kyla Eastling, Law Student Intern[*]
Diana Lee, Law Student Intern
John Super, Law Student Intern
Renee A. Burbank, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
t. (203) 432-4800
f. (203) 432-1426
renee.burbank@ylsclinics.org
michael.wishnie@ylsclinics.org

Attorneys for Plaintiff

---

[*] Application for law student admission forthcoming.