IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT J. LABONTE,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                Defendant. | No. 18-1784C<br><br>(Judge Hertling) |

## MOTION FOR LEAVE TO APPEAR UNDER SUPERVISION

Plaintiff, Robert J. LaBonte, Jr., moves this Court pursuant to its Rule 83(b) to grant law students Sebastian Bates, Matthew D. Handley, and Jared M. Quigley and recent law graduate Catherine E. McCarthy leave to appear in the above-captioned matter as interns under the supervision of Michael J. Wishnie. They are each spending part or all of the summer working for the Veterans Legal Services Clinic ("Clinic") within the Jerome N. Frank Legal Services Organization ("LSO") at the Yale Law School.

Plaintiff has authorized interns to represent him in this matter, including by appearing in Court under the supervision of clinical faculty. Pursuant to this Court's Rule 83.3(b), to qualify to enter an appearance as a law student, an individual must fulfill certain criteria. However, because their circumstances fall outside those contemplated by Rule 83.3(b), Plaintiff requests that the Court use its authority under Rule 83(b) to permit Mr. Bates, Mr. Handley, Ms. McCarthy, and Mr. Quigley to appear on his behalf so that they may continue to represent him under the supervision of Michael J. Wishnie. Plaintiff has contacted counsel for the Defendant concerning this motion, and Defendant states its position as follows: "The Government consents when the individual meets the specific requirements of the Court's rules and does not consent to individuals who do not meet the requirements of the rules."

1

## ARGUMENT

### I. THE STUDENT APPEARANCE RULE IS INAPPLICABLE OR SHOULD BE WAIVED

Rule 83.3 only addresses law students working during the academic year in a clinic at the law school at which they are enrolled. Thus, the rule requires that an individual "be *enrolled for credit* in a clinical program at an accredited law school that maintains malpractice insurance for its activities and conducts its activities under the direction of a faculty member of the law school" in order to enter an appearance. RCFC 83.3(b)(4) (emphasis added).

However, Rule 83.3 is inapplicable in these circumstances, or should be waived. *First*, and most importantly, it is the summer. Enrollment for credit in the Clinic—or any other course offering at the Law School—is thus not possible at this time. *Second*, Mr. Handley and Mr. Quigley are law students at Seton Hall University School of Law and Cornell Law School, respectively. Declaration of Matthew D. Handley ("Handley Decl.") ¶ 1; Declaration of Jared M. Quigley ("Quigley Decl.") ¶ 1. They are accordingly ineligible to enroll in the Clinic. *Third*, Mr. Bates is a J.S.D. candidate at the Yale Law School. This degree is awarded on the basis of a dissertation, rather than coursework. Declaration of Sebastian Bates ("Bates Decl.") ¶ 2. *Fourth*, although Ms. McCarthy was enrolled in the Clinic during her time as a student at the Yale Law School, she graduated in May and so is no longer eligible to enroll. Declaration of Catherine E. McCarthy ("McCarthy Decl.") ¶ 1. She will cease to work on this case this summer prior to the July 2019 bar examination. *Id.*

### II. PERMITTING SEBASTIAN BATES, MATTHEW D. HANDLEY, CATHERINE E. McCARTHY, AND JARED M. QUIGLEY TO APPEAR UNDER SUPERVISION IS APPROPRIATE

Because Rule 83.3 is inapplicable, the Court may rely on Rule 83. Rule 83 provides that, where there is no controlling law, "[a] judge may regulate practice in any manner consistent with

federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)." RCFC 83(b). This power extends to regulating appearance. The Court should exercise it in this case to permit Mr. Bates, Mr. Handley, Ms. McCarthy, and Mr. Quigley to enter their appearances under supervision. Doing so would be appropriate in light of the supervision that the interns receive on this matter from Mr. Wishnie and the work that they are doing in the Clinic.  As described below, each of the interns is pursuing, or has just completed, a law degree and would be eligible to appear as a law student except for the fact that they are not, and cannot be, currently enrolled for credit in the Clinic.

Prior to enrolling in the Yale Law School's doctoral program, Mr. Bates completed an LL.M. at the same law school. Bates Decl. ¶ 2. He completed his first law degree at the University of Oxford in 2017. *Id.* As an LL.M. candidate, he studied litigation under members of the United States Court of Appeals for the Second Circuit and the United States District Court for the District of Connecticut. *Id.* ¶ 4. At the Clinic, he is also assigned to matters before the United States Court of Appeals for the Federal Circuit, the United States Court of Appeals for Veterans Claims, and the United States District Court for the District of Connecticut as well as the Board for Correction of Naval Records. *Id.* ¶ 5.

Mr. Handley, a rising second-year law student, is currently ranked third in his class of forty-one at Seton Hall University School of Law. Handley Decl. ¶ 1. From January through May, 2019, he worked with the Chief Public Defender in Montgomery County, Pennsylvania, to develop and expand diversionary juvenile justice programs in that county. *Id.* ¶ 2. He previously served in the Army between June 2009 and February 2018 and worked in 2018 as a disability benefits claim processor in the Adjudication Division of the Veterans Benefits Administration within the Department of Veterans Affairs. *Id.* ¶ 3. At the Clinic, he is also working on a case before the United States Court of Appeals for Veterans Claims. *Id.* ¶ 4.

Until she graduated from the Yale Law School in May, Ms. McCarthy was involved in a number of matters as a student enrolled in the Clinic: most notably, she argued before the United States Court of Appeals for Veterans Claims, sitting *en banc*, in *Monk v. Wilkie*, 30 Vet. App. 167 (2018). McCarthy Decl. ¶ 2. In the summer of 2017, she worked for the federal government as a law clerk in the Human Rights and Special Prosecutions Section of the United States Department of Justice's Criminal Division. *Id.* ¶ 3. In the following year, she was a summer associate at two firms; she intends to return to one of them in the fall as a first-year associate. *Id.* ¶ 4.

Mr. Quigley, a rising second-year student, made the Dean's List at Cornell Law School in both semesters of his first year. Quigley Decl. ¶ 2. He received CALI Excellence for the Future Awards in recognition of his performance in Civil Procedure and Contracts. *Id.* He also participated in the Langfan Internal Moot Court. *Id.* In the summers of 2015, 2016, and 2017, he interned at the Public Defender's Office in Bridgeport, Connecticut. *Id.* ¶ 3. He is also currently assigned to a case before the United States District Court for the District of Connecticut. *Id.* ¶ 4.

With the exception of the enrollment requirement, RCFC 83.3(b)(4), Mr. Bates, Mr. Handley, and Mr. Quigley fulfill all the requirements to enter appearances as law students. Plaintiff has consented in writing to their appearance. *See* Client's Authorization; RCFC 83.3(a)(1). Michael J. Wishnie, a supervising attorney, has indicated approval in writing. *See* Supervising Attorney's Certification; RCFC 83.3(a)(2). They are each students in good standing at a law school approved by the American Bar Association and have been certified by the deans of their respective law schools. *See* Dean's Certification for Sebastian Bates and Catherine E. McCarthy ("Bates/McCarthy Dean's Certification"); Dean's Certification for Matthew D. Handley; Dean's Certification for Jared M. Quigley; RCFC 83.3(b)(1), (5). Each has completed at least two semesters of legal education. *See* Law Student Certification of Sebastian Bates; Law Student

Certification of Matthew D. Handley; Law Student Certification of Jared M. Quigley; RCFC 83.3(b)(2). They have knowledge of the Rules of the United States Court of Federal Claims, the Federal Rules of Evidence, and the American Bar Association Model Rules of Professional Conduct. *See* Law Student Certification of Sebastian Bates; Law Student Certification of Matthew D. Handley; Law Student Certification of Jared M. Quigley; RCFC 83.3(b)(3). They are neither asking for, nor receiving, any fee or compensation of any kind from Plaintiff. *See* Law Student Certification of Sebastian Bates; Law Student Certification of Matthew D. Handley; Law Student Certification of Jared M. Quigley; RCFC 83.3(b)(7).

Ms. McCarthy also fulfills these requirements, except that she is no longer a student at the Yale Law School, as she graduated last month. *See* Client's Authorization; Supervising Attorney's Certification; Bates/McCarthy Dean's Certification; Law Graduate Certification of Catherine E. McCarthy. She will cease to work on this case prior to taking the bar examination in July 2019.

### III. PLAINTIFF SHOULD BE ABLE TO CHOOSE HIS LEGAL REPRESENTATIVES

The Supreme Court has recognized that litigants have a right to the legal representation of their choice. *See Powell v. State of Ala.*, 287 U.S. 45, 69 (1932). Generally, that right may be restricted only for a compelling reason—namely, to prevent obstruction of the orderly administration of justice. *See, e.g., In re BellSouth Corp.*, 334 F.3d 941, 945 (11th Cir. 2003) (presumption that court will respect party's choice of counsel rebutted where the attorney was selected for "the sole or primary purpose of causing the recusal of the judge").

Courts have repeatedly accepted this principle to permit law students to appear, even when they do not meet all of a court's requirements for practice. For example, the Federal Circuit has granted the Clinic's interns leave to appear despite its lack of a student appearance rule. *See* Order Granting Unopposed Motion for Leave for Law Student Interns to Appear, *Monk v. Wilkie*, No.

19-1094 (Fed. Cir. Jan. 16, 2019), ECF No. 18; Order Granting Motion for Leave for Law Student Interns to Appear in This Matter, *Monk v. Shulkin*, 855 F.3d 1312 (Fed. Cir. 2017) (No. 15-7092), ECF No. 92. The Fifth Circuit has also permitted student appearances, its lack of a student appearance rule notwithstanding. *See, e.g.,* Order Granting Unopposed Motion of Law Student to Participate in Oral Argument, *Gulf Restoration v. U.S. Dep't of Transp.*, 452 F.3d 362 (5th Cir. 2006) (No. 05-60321). Similarly, the United States District Court for the District of Massachusetts recently granted the LSO's interns leave to appear despite the fact that they had neither enrolled in nor completed a course in evidence or trial practice as required by LR, D. Mass. 83.5.4(b)(1)(B). Order Granting Motion for Leave to Appear as Law Students, *Reid v. Donelan*, No. 3:13-cv-30125-PBS (D. Mass. May 30, 2019), ECF No. 472.

In this matter, there is no compelling reason to deny Plaintiff his choice of representatives. He chose the Clinic to represent him on the understanding that interns would be performing legal work on his behalf under the supervision of clinical faculty and has consented to be represented by the interns. Accordingly, he should be permitted to be represented by Mr. Bates, Mr. Handley, Ms. McCarthy, and Mr. Quigley.

## **CONCLUSION**

Because of Plaintiff's choice of the Clinic and its students as legal representation, the students' supervision by competent clinical faculty, their legal experience, and their familiarity with Plaintiff's case, Plaintiff respectfully requests that this Court issue an order permitting Sebastian Bates, Matthew D. Handley, Catherine E. McCarthy, and Jared M. Quigley to appear under the supervision of Michael J. Wishnie in this matter.

Dated: June 26, 2019

Respectfully submitted,
By: /s/ Michael J. Wishnie

Renée A. Burbank, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
t. (203) 432-4800
f. (203) 432-1426
renee.burbank@ylsclinics.org
michael.wishnie@ylsclinics.org

*Counsel for Plaintiff*