## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT J. LABONTE, | |
| Plaintiff, | No. 18-1784C |
| v. | (Judge Hertling) |
| UNITED STATES, | |
| Defendant. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE FOR INTERNS TO APPEAR IN THIS CASE UNDER SUPERVISION

As noted in Mr. LaBonte's motion, we do not oppose the motion to the extent that rules for appearance are satisfied. We are not clear, however, that they have been satisfied. Accordingly, we offer the following short response and otherwise respectfully defer to the Court's discretion. In doing so, we do not take issue with the credentials of the interns, nor do we wish to discourage their admirable volunteered service.

## RESPONSE

### It Is Not Clear the Interns Satisfy The Court's Practice Eligibility Rule

Mr. LaBonte requests that four interns – who are "spending part or all the summer working for the Veterans Legal Services Clinic ('Clinic') within the Jerome N. Frank Legal Services Organization . . . at the Yale Law School" – be permitted to appear on his behalf. *See* Pl. Mot. 1. Three of the interns are law students (one of whom is a recent graduate of Yale Law School's LLM program who also received a "law degree at the University of Oxford in 2017"). *See* Pl. Mot. 1, 3. And the fourth intern "is a recent law graduate[.]" Pl. Mot. 1.

The Court's rules explicitly address who may practice before the Court or appear on behalf of a party in two sections: RCFC 83.1(a) ("Eligibility to Practice"), which sets forth the

rules of eligibility for attorneys and pro se litigants; and RCFC 83.3 ("Legal Assistance by a Law Student"). None of the four interns purport to be attorneys who are admitted to a relevant bar (nor pro se litigants), so that avenue of admission would seem to be closed to them all – leaving Ms. McCarthy with no apparent avenue to "practice" (though not precluding her from contributing to Mr. LaBonte's team).

According to the motion, however, three of the interns are law students and, therefore, appear to be subject to RCFC 83.3. That rule provides that "a law student qualified under RCFC 83.3(a) may enter an appearance . . . . provided that" certain requirements are met. Among them, the "law student must . . . be enrolled for credit in a clinical program at an accredited law school[.]" RCFC 83.3(b)(4). Mr. LaBonte informs, however, that none of the student interns meet that requirement. Pl. Mot. 2.

Nonetheless, Mr. LaBonte argues that because the interns *do* not satisfy that rule, they *need* not satisfy that rule. That is so, he believes, because he views RCFC 83, the Court's broader rule concerning "Judge's Directives" (not an eligibility rule), as empowering a judge to fashion an *ad hoc* rule regarding eligibility to practice. *See* Pl. Mot. 2 ("Rule 83.3 only addresses law students working during the academic year in a clinic at the law school in which they are enrolled" – and presumably, inapplicable to the question of eligibility); *see also* Pl. Mot 1 (arguing that because the Clinic's summer program does not does not offer credit (one of the seven criteria the rule requires of a "Law Student") the "circumstances fall outside of those contemplated by Rule 83.3(b)").

Mr. LaBonte's reasoning is unsatisfying for two reasons. Pl. Mot. 2. First, the rule plainly covers a "law student," which three of the four admittedly are. Simply because they do not qualify cannot mean the rule itself does not apply. Second, the rule itself already specifies

2

the role judges are to play, requiring certification by the "chief judge" and potential decertification by the presiding judge. RCFC 83.1(b)(6). Under Mr. LaBonte's approach, however, the conditional role the judge (together with the chief judge) play applies only to law students who otherwise qualify, whereas for those who do not, the presiding judge (alone) has plenary power and unconditional discretion.

## **CONCLUSION**

Accordingly, it is not clear the rules authorize the admission of the interns, but we defer on the matter, including the request to waive the rule, to the discretion of the Court.

                Respectfully Submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                ROBERT E. KIRSCHMAN, JR.
                Director

                s/ *Douglas K. Mickle*
                *by Steven J. Gillingham*
                DOUGLAS K. MICKLE
                Assistant Director

                s/ *Richard P. Schroeder*
                RICHARD P. SCHROEDER
                Trial Attorney
                Commercial Litigation Branch
                Civil Division
                U.S. Department of Justice
                P.O. Box 480
                Ben Franklin Station
                Washington, D.C.  20044
                Tel: (202) 305-7788
                email: richard.schroeder@usdoj.gov

Dated: June 28, 2019