IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT J. LABONTE, | |
| Plaintiff, | No. 18-1784C |
| v. | (Judge Hertling) |
| UNITED STATES, | |
| Defendant. | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO APPEAR UNDER SUPERVISION**

Plaintiff, Robert J. LaBonte, Jr., respectfully submits this reply in support of the pending motion for leave for Sebastian Bates, Matthew D. Handley, Catherine E. McCarthy, and Jared M. Quigley to appear in the above-captioned matter as interns under the supervision of Michael J. Wishnie.

Contrary to the Defendant's contention, the student appearance rule is inapplicable, or should be waived, because no intern at the Veterans Legal Service Clinic ("the Clinic") can satisfy the rule during the summer months.[1] Plaintiff does not argue that "because the interns *do* not satisfy that rule, they *need* not satisfy that rule." Def.'s Resp. 2 (emphasis in original). Rather, Rule 83.3 does not apply to the present circumstances because it would require enrollment for credit in the Clinic, RCFC 83.3(b)(4), which is impossible at this time because it is the summer. Therefore, this

---

[1] Although the Government describes the interns' work as "volunteered service," Def.'s Resp. to Pl.'s Mot. for Leave to Appear Under Supervision 1, ECF No. 33 (hereinafter "Def.'s Resp."), it should be noted that the interns are compensated by Yale University during the summer, which reflects the fact that they do not receive academic credit for their work. The Jerome N. Frank Legal Services Organization does not charge its clients for the services of its interns and their supervising attorneys. *Cf.* RCFC 83.3(b)(7) (providing that a law student proposing to appear in this Court must not "ask for nor receive any fee or compensation of any kind from the client on whose behalf service is rendered," although "[t]his rule does not . . . prevent . . . a law school . . . from paying compensation to an eligible law student").

Court may permit the interns to appear by exercising its power to "regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)." RCFC 83(b).

In any event, this Court may waive either or both of RCFC 83.3(b)(1) and (4)—procedural rules which it created in the first place. This Court has said that the question whether to waive a Rule of the Court of Federal Claims "is one within the [C]ourt's discretion in the application of [its] own rules." *U.S. PolyCon Corp. v. United States*, 43 Fed. Cl. 11, 13 (1999), *declined to extend by Talasila, Inc. v. United States*, 240 F.3d 1064, 1067 (Fed. Cir. 2001). This reflects the "widely-accepted idea" that a court "should be accorded considerable latitude in applying local procedural rules of its own making, and in departing from them." *United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989); *accord Allen v. United States Fidelity & Guar. Co.*, 342 F.2d 951, 954 (9th Cir. 1965) ("It is for the court in which a case is pending to determine, except as it is bound by precedents set by higher authority in its own judicial hierarchy, what departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them."); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008); *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984). This is particularly so when the (1) the court has "a sound reason" for waiving the rule's strictures and (2) "no party's substantial rights" will be "unfairly jeopardized." *Diaz-Villafane*, 874 F.2d at 46; *accord United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3rd Cir. 2000). Here, there are good reasons to waive the procedural rules at issue—notably, the impossibility of enrolling in the Clinic over the summer—and the Government's substantial rights will not be jeopardized if this Court does so.

Finally, Mr. LaBonte agrees that it is appropriate for the Chief Judge to consider the interns for certification, *see* RCFC 83.3(b)(6), and that this Court may therefore refer his motion to the Chief Judge if it so chooses.

For these reasons, and those stated in his original motion, Plaintiff respectfully requests that this Court issue an order permitting Sebastian Bates, Matthew D. Handley, Catherine E. McCarthy, and Jared M. Quigley to appear under the supervision of Michael J. Wishnie in this matter.

Dated: July 3, 2019

Respectfully submitted,

By: /s/ Michael J. Wishnie

Renée A. Burbank, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
t. (203) 432-4800
f. (203) 432-1426
renee.burbank@ylsclinics.org
michael.wishnie@ylsclinics.org

*Counsel for Plaintiff*