## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. LABONTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-1784C |
| | ) | (Judge Hertling) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RESPONSE TO PLAINTIFF'S
## CROSS-MOTION FOR JUDGMENT ON THE ADMINSTRATIVE RECORD

Defendant, the United States, respectfully submits this opposition to the cross-motion for judgment on the administrative record (dispositive cross-motion) of plaintiff, Robert J. LaBonte. For the reasons set forth in our pending motion to dismiss and motion for judgment on the administrative record (opening brief or dispositive motion), our previously filed reply brief (reply), and below, we respectfully request that the Court dismiss plaintiff's complaint for lack of jurisdiction or, in the alternative, grant judgment in our favor on the administrative record for the United States, and deny plaintiff's dispositive cross-motion.[1]

First, as discussed at length in Point II of our opening brief and in Point I of our reply, Mr. LaBonte has failed to establish that the Court possesses jurisdiction to entertain the claims in his complaint. As such, Mr. LaBonte's complaint must be dismissed in its entirety.

---

[1] "Compl. __" refers to a page or pages of Mr. LaBonte's complaint. "Count 1" and "Count 2" refer, respectively, to the first and second claims for relief in the complaint. "AR__" refers to a page or pages of the administrative record. "Def. Mot __" refers to a page or pages of our motion to dismiss or, alternatively, for judgment on the administrative record. ECF No. 24. "Def. Reply __" refers to a page or pages of our reply brief. "Appx__" refers to a page or pages of the appendix attached to that motion (also referred to as our opening brief). "Pl. XMAR __" refers to a page or pages of Mr. LaBonte's cross-motion for judgment on the administrative record. ECF No. 52. "Pl. Proc. XMOT __" refers to a page or pages of Mr. LaBonte's cross-motion to complete and supplement the administrative record and opposition to our motion to dismiss. ECF No. 36.

Second, if the Court denies our motion to dismiss, we respectfully request that the Court grant judgment on the administrative record to the United States for the reasons explained in the first argument presented in our motion for judgment on the administrative record (MJAR 1).  *See* Def. Mot. at 28-34 (Point III.A-B).  If the Court grants MJAR 1 – which raises threshold legal issues – Mr. LaBonte's dispositive cross-motion will be moot.

Third, if any of Mr. LaBonte's claims survive the Court's consideration of our motion to dismiss and MJAR 1, remand would be the appropriate remedy rather than his inappropriate request for the Court to undertake an evaluation of the facts and the merits of his claims in the first instance.  Pl. XMJAR 39.  Neither the Army Board for Correction of Military Records (ABCMR or board), nor the Army, has ever have made a finding that Mr. LaBonte is entitled to be medically retired, and Mr. LaBonte's request that the Court essentially correct his record by granting him "back pay and retroactive military retirement" is inappropriate.  *Id*.  Likewise, we respectfully withdraw our argument in Point III.C of our opening brief (MJAR 2), *see* Def. Mot. 34-37, which like Mr. LaBonte's dispositive cross-motion, relates to the merits of his medical claims, which we have concluded are not ripe for review.

I.     **Because Mr. LaBonte Has Failed To Establish That The Court Possesses Jurisdiction To Entertain The Claims In His Complaint, His Dispositive Cross-Motion Is Moot**

The material facts underlying Mr. LaBonte's complaint – which are not subject to any legitimate dispute – create jurisdictional hurdles that Mr. LaBonte cannot overcome.  Therefore, his dispositive cross-motion is moot.  We discuss the jurisdictional issue only briefly below since we have explored the issue at length in our opening brief and reply.

Jurisdiction is a threshold matter.  *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998).  Mr. LaBonte, as the plaintiff, bears the burden of establishing jurisdiction.

*See McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).  If the Court does not possess subject-matter jurisdiction over the plaintiff's claim, the case should proceed no further. *Central Freight Lines v. United States*, 87 Fed. Cl. 104, 107 (2009).  Because Mr. LaBonte has failed to establish subject matter jurisdiction, his complaint must be dismissed, rendering moot his motion for judgment on the administrative record.

"In determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source."  *Jan's Helicopter Service, Inc. v. F.A.A.,* 525 F.3d 1299, 1309 (Fed. Cir. 2008).  As the court of appeals has observed:

> The statute must, of course, be money-mandating as to the particular class of plaintiffs.  For example, in *Casa de Cambio Comdiv S.A. v. United States,* 291 F.3d 1356 (Fed. Cir. 2002), we considered whether a Treasury regulation concerning time requirements for the Federal Reserve to dishonor checks presented for payment was money mandating. . . .  We concluded that "the regulations could [not] be construed as being money-mandating as to [the plaintiff bank], even if they were money-mandating as to [the presenting bank] . . . since there is no indication that they were designed to convey rights on depositors of presenting banks."  *Id.* at 1361.

*Greenlee County, Ariz. v. United States,* 487 F.3d 871, 876 (Fed. Cir. 2007).

Mr. LaBonte has not established that he is among the class of plaintiffs to which the statutes upon which he relies for jurisdiction are money-mandating.  Mr. LaBonte alleges that the Court possesses jurisdiction under the money-mandating provisions of the Military Pay Act, 37 U.S.C. § 204 (2013), and 10 U.S.C. § 1201, but he does not establish that those provisions apply the class to which Mr. LaBonte belongs – former service members who were separated pursuant to a court-martial sentence, and who can no longer challenge that sentence – especially because his court-martial conviction precludes either the Secretary or the board from correcting his

record, for the reasons we have explored at length in our opening brief and reply. *See, e.g.,* 10 U.S.C. § 1552(f).

In sum, Mr. LaBonte has failed to establish that the Court possesses jurisdiction to enter a judgment or to issue an order that could lead the Army or the board to grant him the disability retirement, or the related pay and benefits, he seeks, so long as his court-martial conviction and resulting bad conduct discharge – both of which are now beyond the Court's jurisdiction to review – are part of his record. *See* Def. Mot. 13-14; *see also Cossio v. Donley*, F. App'x 932, 935 (Fed. Cir. 2013) (judicial "review of court-martial decisions is sharply constrained").

In addition, we established that, even if Mr. LaBonte could assert an independent disability retirement claim, such claim would be barred by the Court's statute of limitations. Def. Mot. 17-18; *see also* 28 U.S.C. § 2501. And we likewise demonstrated that Mr. LaBonte cannot avoid the jurisdictional problems created by his court-martial conviction by contending that he merely "seeks direct review of a 2018 decision by the ABCMR" of his "claim that he should have been medically retired based on his undiagnosed conditions in 2004, notwithstanding his court-martial in 2006." *See* Pl. XMOT 13-14; Def. Mot. 15-17.

We also established that Mr. LaBonte's interpretation of the applicable regulations is seriously flawed. For example, Army Regulation 635-40, ¶ 4-2 expressly provides that "[a] Soldier may not be referred for, or continue, disability processing if under sentence of dismissal or punitive discharge[,]" with certain exceptions that do not apply. *See* Appx 4, Army Reg. 635-40, ¶ 4-2 (2006); Def. Mot. 23-24; *see also Moyer v. United States,* 190 F.3d 1314, 1321 (Fed. Cir. 1999) (recognizing that earlier version of the regulation "expressly preclude[d] continued disability processing for soldiers charged under the UCMJ").

Finally, we pointed out that in Point II.B.4 of his opening brief, Mr. LaBonte agreed that the Court does not possess independent jurisdiction to entertain his due process claim, which is set forth in Count 2 of his complaint.  Pl. XMOT 22; *see also* Compl. 24 ¶ 120.  Although Mr. LaBonte continues to pursue his due process claim, he does not assert that the claim provides the court with an independent basis for jurisdiction.  *See* Pl. XMJAR 37-38.

Mr. LaBonte has offered nothing in his dispositive cross-motion or elsewhere, sufficient to establish jurisdiction.  As a result, the Court should dismiss Mr. LaBonte's complaint.

**II.**   **In The Alternative, Mr. LaBonte's Dispositive Cross-Motion Must Be Denied As Moot Because His Court Martial Conviction And Sentence Preclude Him, As A Matter Of Law, From Obtaining Disability Retirement, Or The Related Pay And Benefits That He Seeks**

In MJAR 1, we presented compelling legal arguments, based entirely on facts about which there are no material disputes, demonstrating that Mr. LaBonte is precluded from obtaining disability retirement as a matter of law, because the Army separated him as part of his court-martial sentence.  *See* Def. Mot. 28-34 (Point III.A-B).

Mr. LaBonte did not respond directly to MJAR 1 in his opening brief.  Rather, he opposed only our motion to dismiss and asserted a procedural cross-motion that has since been resolved.  *See* Pl. Proc. XMOT 11-22.  In his dispositive cross-motion, Mr. LaBonte delves deeply into his medical issues, but he continues to make no effort to rebut the legal arguments that we raised in MJAR 1.  Indeed, despite that his court-martial conviction and resulting discharge are undisputed parts of his military record and are the central events that bar him from obtaining military retirement, he only mentions these crucial matters in passing dispositive cross-motion.  *See, e.g.,* Pl. XMJAR 2.  Mr. LaBonte cannot overcome MJAR 1 simply by ignoring it.

Nor do the arguments that Mr. LaBonte raised in response to our motion to dismiss provide any refuge for him regarding MJAR 1.  In particular, although our motion to dismiss and

5

MJAR 1 are related in that they rely, in part, on the same general statutory and legal framework governing disability retirement and court-martials, nothing Mr. LaBonte presented in response to our motion to dismiss can overcome the arguments in MJAR 1.[2]

Specifically, different standards of review apply to a motion to dismiss our lack of jurisdiction and our motion for judgment on the administrative record. Thus, even if the Court were to deny our motion to dismiss, this would not require the Court to deny MJAR 1. Specifically, because Mr. LaBonte was court-martialed for desertion, and because his sentence included a discharge from the Army, he may not obtain disability retirement, pay, or benefits, for reasons discussed at length in our opening brief.

In sum, if the Court denies our motion to dismiss, we respectfully request that the Court grant MJAR 1 in its entirety and that the Court deny Mr. LaBonte's dispositive cross-motion.

**III.    If Any Portion Of Mr. LaBonte's Complaint Survives The Motion To Dismiss, Or The Government's Motion For Judgment On The Administrative Record, The Appropriate Remedy Would Be A Remand For Additional Proceedings**

Mr. LaBonte improperly requests that the Court "order him medically retired, and grant him all appropriate back pay and retirement benefits." *See* Pl. XMJAR 1. Mr. LaBonte fails to establish that the Court can grant him such relief in this case. In our opening brief, we objected to Mr. LaBonte's similar request that the Court direct the board to correct his record to show that he was medically retired "by reason of permanent disability for PTSD and TBI" with a disability rating of not less than 80 percent. *See* Compl. 25 ¶ 2.

---

[2] In *Greig v. United States*, 640 F.2d 1261 (Ct. Cl. 1981), cert. denied, 455 U.S. 907 (1982), the Federal Circuit's predecessor observed that the trial court should not review claims based upon an alleged injustice. Similarly, in *Hary v. United States*, 618 F.2d 704 (Ct. Cl. 1980), the court expressly adopted a requirement that a plaintiff contesting separation on the basis of an allegedly defective record must demonstrate legal error. These cases are consistent with the principle recognized in *United States v. Wickersham*, 201 U.S. 390 (1906), a claimant seeking an award of back pay upon the theory that a personnel action was illegal, and is therefore void, must demonstrate legal error to state a cause of action cognizable under the Tucker Act.

Notwithstanding Mr. LaBonte's requests, the Court is not "a 'super correction board,' with responsibility for determining whether an officer is fit to serve." *O'Brien v. United States,* 120 Fed. Cl. 85, 93 (2015).  Consequently, the Court does not possess "the primary equitable jurisdiction necessary to order the retirement of an individual from the military in the first instance." *Rice v. United States,* 31 Fed. Cl. 156, 164 (1994), *aff'd* 48 F.3d 1236 (Fed. Cir. 1995) (table).

Even Mr. LaBonte appears to recognize these principles, given that he expressly acknowledges that "the Court is not a 'super correction board,'" and that "judicial review is necessary to ensure that the ABCMR 'examine[s] relevant data and articulates[s] satisfactory explanations for [its] decisions,' as required by law."  Pl. XMJAR 9 (quoting *Van Cleve v. United States,* 70 Fed. Cl. 674, 678-69 (2006)).  Nonetheless, he effectively asks the Court to act as a super correction board in this case.

In contrast to the relief that Mr. LaBonte requests from the Court, "[i]f a decision of a military correction board . . . failed to account for or explain certain evidence when rendering its decision, '[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'"  *Bias v. United States,* 124 Fed. Cl. 663, 667 (2016) (quoting *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).  To the contrary, as the Court in *Bias* held, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Id.* (citing *Florida Power,* 470 U.S. at 744; *Walls v. United States,* 582 F.3d 1358, 1367-68 (Fed.Cir.2009) (vacating a trial court's decision to reject a Navy Petty Officer's claim for back pay, and remanding with instructions to remand to the Navy Correction Board for consideration of new evidence); *Riser v. United States,* 93 Fed. Cl. 212, 217 (2010) (remanding claim rather

than considering *de novo* supplementary materials that were not considered by correction board)).

Thus, there is no basis for Mr. LaBonte's request that Court order "the ABCMR to correct his record to reflect the medical retirement to which" Mr. LaBonte claims he is entitled. Pl. XMJAR 38-39.

Mr. LaBonte's request for the Court to review those issues *de novo,* and then grant him disability retirement and back pay, greatly conflicts with the principles discussed above, and Mr. LaBonte has provided no convincing argument to the contrary.  Pl. XMJAR 38-39.  Thus, should the Court deny our motion to dismiss and MJAR 1, the appropriate course of action is for the Court to remand this case for additional administrative proceedings.

Mr. LaBonte's reliance on 28 U.S.C. § 1491(a)(2), which grants the Court authority to "issue orders directing . . . placement in appropriate duty or retirement status, and correction of applicable records" also is misplaced.  *See* Pl. XMOT 38.  Although that jurisdictional statute provides the Court with authority to "provide an entire remedy and to complete the relief afforded by the judgment," this case is not at that stage, and a remand would not require the Court to issue a final judgment.  Rather, the Court can stay this case pending the remand results.

Mr. LaBonte's reliance on *Ferrell v. United States,* 23 Cl. Ct. 562, 572 (1991) is equally unavailing.  Pl. XMJAR 38.  As the Court observed in a subsequent case, "a key factual distinction between *Ferrell* and the case at bar is that the plaintiff in *Ferrell* was not asking that the court exercise primary equitable jurisdiction to retire him contrary to the Secretary's finding that he was fit for duty."  *Rice,* 31 Fed. Cl. at 167 n.13.  This, however, essentially is what Mr. LaBonte requests in this case.  In addition, the plaintiff in *Ferrell* stands in stark contrast to Mr. LaBonte, who was separated pursuant to a court-martial, which carries with it "collateral

consequences." *See, e.g., Loeh v. United States,* 73 Fed. Cl. 327, 329-330 (2006) (dismissing

complaint for failure to state a claim, while noting: "Mr. Loeh was sentenced to a punitive

discharge as part of his court-martial conviction before he had completed 20 years of service.

Mr. Loeh's court-martial conviction was ultimately affirmed by the United States Court of

Appeals for the Armed Forces.  A collateral consequence of Mr. Loeh's discharge was that Mr.

Loeh was dismissed from the Navy and removed from any of the Navy's personnel rolls.  The

loss of retirement benefits is among the most important collateral consequences of a punitive

discharge from the military.").

Similarly, among the collateral consequences of Mr. LaBonte's court-martial and

subsequent separation were he lost any eligibility he might otherwise have had to be processed

for medical retirement, and neither the ABCMR or Secretary can correct his records in that

regard, for the reasons discussed in detail in our opening brief and reply.

Nonetheless, even if Mr. LaBonte is able to clear that hurdle, this would not justify his

request that the Court order the Army to retire him, when the Army itself has made no such

determination in the first instance, because, among other reasons, Mr. LaBonte's request falls far

outside the bounds of the applicable standard of review, which does *not* involve "a reweighing of

the evidence, but" rather involves determining "whether the conclusion being reviewed is

supported by substantial evidence."  *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir.

1983) (emphasis omitted).

In addition, neither of the other cases upon which Mr. LaBonte relies justify the relief he

seeks because they did not involve a discharge pursuant to a court-martial conviction.  *See* Pl.

XMJAR 38; *Beckham v. United States,* 392 F.2d 619, 620 (Ct. Cl. 1968) (voluntary separation)

and *Woodward v. United States,* 67 Ct. Cl. 306, 619 (1964) (plaintiff "relieved from active duty

by reason of demobilization, and not by reason of physical disability" and thereafter, was assigned to the reserve corps until he eventually did not renew his reserve commission when it expired).

In sum, even if the Court denies our motion to dismiss and MJAR 1, the Court should nevertheless deny Mr. LaBonte's request to order that he be medically retired, and, instead, the appropriate remedy would be a remand for additional administrative proceedings.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint, or, in the alternative, grant the United States judgment on the administrative record in favor of the Government on MJAR 1.  We also respectfully request that the Court deny plaintiff's cross-motion for judgment on the administrative record.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

**s/ Douglas K. Mickle**
DOUGLAS K. MICKLE
Assistant Director

**s/ Richard P. Schroeder**
RICHARD P. SCHROEDER

Of Counsel:                                                            Trial Attorney
                                                                               Commercial Litigation Branch
MAJOR MICHAEL TOWNSEND JR.          Civil Division
Litigation Attorney                                           Department of Justice
Military Personnel Branch                              P.O. Box 480
U.S. Army Legal Services Agency                  Ben Franklin Station
9275 Gunston Road, 3d Floor                       Washington, D.C. 20044
Fort Belvoir, VA 22060                                  Tel.:  (202) 353-9303

November 12, 2019                                        Attorneys for Defendant United States