## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. LABONTE,

      Plaintiff,

    v.

THE UNITED STATES,

      Defendant.

No. 18-1784C
(Judge Hertling)

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
### <u>CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD</u>

Only two issues remain before this Court. First, does this Court have subject matter jurisdiction to review Mr. LaBonte's claim? Under controlling Federal Circuit precedent, it does. *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005) (*en banc* in relevant part). Second, given defendant's refusal to defend the merits of the ABCMR decision Mr. LaBonte challenges, what is the appropriate remedy? The appropriate remedy is either an order from this Court directing the Army to medically retire Mr. LaBonte, or a remand with instructions to provide Mr. LaBonte a new medical opinion consistent with his procedural and substantive rights, including his rights to an expeditious decision by an unbiased adjudicator and to appeal any adverse decision.

The Government does not dispute that the Army Board for the Correction of Medical Records ("ABCMR") ignored evidence that it was required to consider, or that the ABCMR relied on incorrect facts. ECF No. 52 at 10-30. It is also undisputed that the Army unlawfully failed to follow its own regulations or procedures on at least four occasions during Mr. LaBonte's military service, thereby depriving Mr. LaBonte of the required medical treatment and disability evaluation his conditions warranted. *Id.* at 30-36.

Instead, defendant's motion for judgment on the administrative record rests solely on its flawed jurisdictional argument: that Mr. LaBonte's court-martial conviction renders him

1

ineligible for the relief he seeks and thus deprives this Court of jurisdiction over his claim.

Defendant is wrong. Mr. LaBonte is eligible for medical retirement status, as the Army itself

recognized in processing him through the disability evaluation system and in issuing an opinion

that did not question its own authority to do so. And this Court has jurisdiction to review the

ABCMR's decision denying Mr. LaBonte's claim based on his medical record. This Court

should order Mr. LaBonte medically retired or, at a minimum, order him reentered into the

Legacy Disability Evaluation System ("LDES") process under a new approving authority for full

and fair consideration of his request for medical retirement status and associated benefits.

## I.      This Court possesses subject matter jurisdiction over Mr. LaBonte's claim.

Mr. LaBonte has explained why the Court possesses jurisdiction in the briefing on the

motion to dismiss. ECF No. 36 at 11-21. Because the Government reasserts its jurisdictional

argument as the sole basis for the Court to grant its motion for judgment on the administrative

record, ECF No. 54 at 2-6 (sections I and II), he briefly summarizes the argument here. Mr.

LaBonte brings a claim for backpay and retroactive disability retirement under 10 U.S.C. § 1201

and 37 U.S.C. § 204(a), which are both money-mandating statutes. This is sufficient to establish

subject matter jurisdiction. *See Fisher*, 402 F.3d at 1173 (holding that the trial court's

"determination that the [statutory] source is money-mandating shall be determinative . . . as to

the question of the court's jurisdiction . . .") (*en banc* in relevant part); *see also Adkins v. United

States*, 68 F.3d 1317, 1321 (Fed. Cir. 1995) (finding jurisdiction under Tucker Act and Military

Pay Act for retired servicemember because "[p]rior to his retirement, [plaintiff] was entitled to

basic pay as a member of a uniformed service who is on active duty" and that "[i]f plaintiff's

discharge was involuntary and improper," his statutory right to pay serves as a basis for

jurisdiction).

The Government's contention that a statute must be money-mandating as to the particular class of plaintiffs does not alter this conclusion. ECF No. 54 at 3 (citing *Greenlee County, Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). In *Greenlee County*, the Federal Circuit noted only that jurisdiction fails where a statute is not designed to confer rights on a particular class of plaintiffs. *Id*. 10 U.S.C. § 1201 is plainly designed to confer rights on a "member of a regular component of the armed forces entitled to basic pay," as Mr. LaBonte was when he was injured in Iraq in 2004. 10 U.S.C. § 1201(c)(1). So too is the Military Pay Act. *See* 37 U.S.C. § 204(a) ("a member of a uniformed service who is on active duty is entitled to . . . basic pay"). As explained in his opposition to the motion to dismiss and below, Mr. LaBonte's court martial does not preclude him from relief under the military pay and retirement statutes. Furthermore, the ABCMR was the first competent board to review Mr. LaBonte's claim for retroactive medical retirement. It denied Mr. LaBonte's claim on June 21, 2018. AR73. Thus, because Mr. LaBonte's claim is based on a money-mandating source and is timely under the six-year window set by 28 U.S.C. § 2501 (2018), this Court has subject matter jurisdiction.

## II. 10 U.S.C. § 1552(f) does not preclude Mr. LaBonte from being placed in the appropriate medical retirement status.

Mr. LaBonte's court martial does not bar him from obtaining the relief that he seeks. The Government argues that 10 U.S.C. § 1552(f) categorically bars "former service members who were separated pursuant to a court-martial sentence" from seeking relief under 10 U.S.C. § 1201. ECF No. 54 at 3. Section 1552(f), however, applies only to cases seeking to correct records of courts martial and related administrative records. That is not what Mr. LaBonte seeks. *See* ECF No. 36 at 13 ("Mr. LaBonte does not challenge his court-martial conviction—a fact that, as noted above, the Government states repeatedly in its own brief."). Mr. LaBonte does not challenge the

validity of his court-martial conviction, and he need not do so, because that conviction in no way precludes him from accessing the retirement benefits for which he is eligible.

Section 1552(f) says nothing about a servicemember's eligibility for medical retirement processing. Indeed, it merely circumscribes the Secretary's authority *with respect to* "records of courts-martial and related administrative records pertaining to court-martial cases[.]". 10 U.S.C. § 1552(f). It carves out a narrow exception to the Secretary's broad remedial authority to "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice[.]" 10 U.S.C. § 1552(a). It does nothing more. *See, e.g.*, *Ventas, Inc. v. United States*, 381 F.3d 1156, 1161 (Fed. Cir. 2004) ("Where Congress includes certain exceptions in a statute, the maxim *expressio unius est exclusio alterius* presumes that those are the only exceptions Congress intended."). Defendant's reading would permit the Secretary to grant a servicemember clemency, but bar the same Secretary from otherwise amending any of the servicemember's records to ensure that he or she does not continue to suffer the collateral consequences of a punitive discharge to which he or she is no longer subject. This approach would dispossess the Secretary of authority relating to a vast category of potential claimants, even in cases where the Army's unlawful actions led to a servicemember's discharge.

The Government also ignores subsection (h) of the same statute, which applies to former members of the armed forces whose claims for review of a discharge (or, as here, of an unlawful failure to discharge pursuant to the Army's disability retirement laws and regulations) are based on combat-related post-traumatic stress disorder ("PTSD") and traumatic brain injury ("TBI"). 10 U.S.C. § 1552(h)(1). Provisions of the same statute should be read in concert with each other. *See, e.g.*, *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247 (1953) (adopting an interpretation of two provisions that "makes for a harmonious reading of the whole" of a statute).

Mr. LaBonte's PTSD and TBI are indisputably related to his combat service in Iraq and contributed to the behavior that resulted in his court-martial. ECF No. 52 at 10-20. Thus, the Army was required to review the medical evidence he submitted from VA and civilian healthcare providers and to review his claim with "liberal consideration," because his PTSD and TBI "potentially contributed" to the circumstances resulting in his discharge. 10 U.S.C. § 1552(h)(2).

### III.   Army Regulation 635-40 does not preclude Mr. LaBonte from obtaining medical retirement status.

As Mr. LaBonte has already established, Army Regulation 635-40 similarly does not bar him from DES processing or from obtaining the relief that he seeks. *See* ECF No. 36 at 15-21. After a court martial has concluded, only the severity of the sentence determines whether one of the collateral consequences the convicted servicemember faces includes being denied access to DES processing and medical retirement. Army Reg. 635-40 ¶ 4-2 (2006) (barring disability evaluation processing for soldiers "under a sentence of dismissal or punitive discharge"). Mr. LaBonte is not currently "under a sentence of dismissal or punitive discharge." *Id.* The Army Discharge Review Board ("ADRB") removed the punitive aspect of Mr. LaBonte's discharge when it granted him clemency and upgraded his characterization of service to "General, Under Honorable Conditions." AR 636-38. He was never subject to dismissal because he was not an officer. *See United States v. Carbo*, 37 M.J. 523 (A.C.M.R. 1993).

The Government's reading of Army Regulation 635-40 ¶ 4-2 is inconsistent with the regulation's text and purpose. Army Regulation 635-40 ¶ 4-2 identifies two possible outcomes arising from a court martial conviction that prohibit the ABCMR from subsequently granting a servicemember disability retirement processing: it expressly names those who are "*under* a sentence of *dismissal* or *punitive discharge*." (emphasis added). Dismissal and punitive discharge are two specific sentences among a wide array of possible sentences that a servicemember can

receive following a court-martial conviction. *See* R.C.M. 1003(b) (providing for punishments including reprimands, forfeitures of pay, fines, reduction in grade, etc.); AR1288 (describing Mr. LaBonte's maximum potential sentence). Army Regulation 635-40 ¶ 4-2 expressly singles out two sentences that preclude referral to the DES, "dismissal" and "punitive discharge," and provides that a servicemember must be "under" one of those two conditions at the time DES processing is contemplated. Accordingly, the plain reading of the regulation's text bars only a servicemember who is *currently* "under" either "dismissal" or "punitive discharge."

Because the regulation applies only to servicemembers who are currently "under" a sentence of punitive discharge, a past conviction that resulted in a sentence of punitive discharge does not forever bar a servicemember who subsequently receives clemency: that servicemember is no longer "under" a sentence of "punitive discharge." *United States v. Pineda*, 54 M.J. 298, 300 (C.A.A.F. 2001) (a punitive discharge is a Bad Conduct Discharge or a Dishonorable Discharge). In this case, a grant of clemency functions similarly to commutation of a criminal sentence in the civilian criminal justice system: the court-martial conviction, like a criminal conviction, is final and not subject to further appeal, but the grant of clemency, like a commutation, revises one aspect of a sentence. Here, because the regulatory text names only two possible court-martial sentence outcomes, but leaves other possible outcomes unnamed, a conviction alone is insufficient to trigger the regulatory bar. *See, e.g.*, *AMS Associates v. United States*, 737 F.3d 1338 (Fed. Cir. 2013) (applying the *expressio unius est exclusio alterius* canon to agency regulations). Thus, an individual like Mr. LaBonte, who receives a bad conduct discharge through court-martial proceedings but subsequently has the punitive aspect of that discharge removed through clemency, falls within the broad category of servicemembers who are convicted in court-martial proceedings but nonetheless remain eligible for DES processing.

Army Regulation 635-40 does not change the fact that Mr. LaBonte is part of the class of plaintiffs who are eligible for retroactive disability retirement.

Defendant's arguments regarding Army Regulation 635-40 fail in both its MTD and its MJAR. The Army's erroneous *post hoc* rationalization—that Mr. LaBonte is categorically ineligible for medical retirement status—does not deprive this Court of jurisdiction, nor does it compel a ruling in defendant's favor on the merits. The Office of the Surgeon General, the ABCMR, and the Secretary of the Army all denied Mr. LaBonte's claim by reference to the applicable *medical* standards, not by invoking a (wrongful) belief that Mr. LaBonte was subject to a *regulatory bar* rendering him categorically ineligible for DES processing and medical retirement. This alone is sufficient grounds for granting judgment in Mr. LaBonte's favor. *See, e.g.*, *Watson v. United States*, 113 Fed. Cl. 615, 635 (2013) ("Plaintiff counters that defendant's argument is merely a 'post hoc rationalization of counsel' because the Board did not rely on this line of reasoning in reaching its findings. . . . The court agrees."); *Verbeck v. United States*, 97 Fed. Cl. 443, 460 n.25 (2011) (noting that government arguments aimed at "substantiat[ing] the Board's conclusions" which were "submitted for the first time in response to [the plaintiff's] petition for judicial review" amounted to "improper post hoc justification[s]").

But even if Defendant's newly adopted legal argument were accurate—it is not—Mr. LaBonte would remain entitled to relief. Army Regulation 635-40 does not deprive the Secretary of his authority to grant Mr. LaBonte retroactive medical retirement. Army regulations do not displace statutory authority, and Army Regulation 635-40 expressly reserves the Secretary's authority to "approve exceptions or waivers to this regulation that are consistent with controlling law and regulations," and to do so by acting through the Deputy Chief of Staff or another individual to whom this authority has been delegated. Army Reg. 635-40. The only other source

of legal authority defendant cites, 10 U.S.C. § 1552, also does not limit the Secretary's authority to grant Mr. LaBonte the relief that he seeks, and the ABCMR already concluded that it would entertain Mr. LaBonte's claim for medical retirement.

Further, as this Court has affirmed, the Army cannot use a circumstance caused by its own failure to follow its lawful regulations and procedures to deprive an applicant of relief. *See Roth v. United States*, 378 F.3d 1371, 1385 (Fed. Cir. 2004); *cf. Stuart v. United States*, 108 Fed. Cl. 458, 470 (2013). Defendant repeatedly chides Mr. LaBonte for his purported attempts to elide the fact of his court-martial conviction, ECF No. 54 at 3, 5, 9, but in the same breath refuses to acknowledge its central role in producing the conditions that led to the conviction it now claims bars Mr. LaBonte from obtaining much-needed relief. Yet it points to no laws or regulations that preclude the ABCMR, the Secretary, or this Court from granting Mr. LaBonte medical retirement. Defendant's jurisdictional argument and its argument on the merits both fail.

Defendant has now conceded that the Army's purported reason for its decision was arbitrary and capricious, unsupported by substantial evidence, in bad faith, and contrary to law.[1] Thus, this Court must grant Mr. LaBonte the relief he should have received in 2004.

## IV.    This Court can and should order Mr. LaBonte medically retired or, in the alternative, order a remand for a new medical opinion.

This Court has the authority to grant Mr. LaBonte the backpay and medical retirement he seeks. *See* ECF No. 52 at 38-39; *Fisher* 402 F.3d at 1178-80 (holding that "controlling precedents entitle a discharged service member to judicial review on the merits of the question of eligibility for disability retirement pay"). That this Court is not a "super correction board" means

---

[1] The Government's assertion that Mr. LaBonte's claim is solely based on injustice, rather than the Army's unlawful conduct, grossly misreads his cross motion for judgment on the administrative record. ECF No. 54 at 6 n.2. Mr. LaBonte expressly contends that the ABCMR and the U.S. Army committed multiple legal errors that have harmed him. *See* ECF No. 52.

only that it will not disturb a lawful conclusion of the military merely because it would have come to a "better" conclusion on its own consideration of the same facts. It does not dispossess the Court of authority to overturn an unlawful decision, as it has done on many occasions. ECF No. 52 at 38.  The cases defendant cites fail to support its position that this Court cannot grant Mr. LaBonte medical retirement status. *See Walls v. United States*, 582 F.3d 1358, 1367-68 (Fed. Cir. 2009) (remanding for consideration of new evidence not before the Board during initial proceedings); *Bias v. United States*, 124 Fed. Cl. 663, 667 (2016) (expressly recognizing Court's authority to instate plaintiff in proper retirement status by stating it should be exercised in "rare cases"); *Rice v. United States*, 31 Fed. Cl. 156, 164 (1994) (granting motion to dismiss on jurisdictional grounds without reaching the merits because plaintiff, whose disability claim had already been adjudicated by a PEB, failed to state a claim under money-mandating statute).  That none of the plaintiffs in the cases defendant cites had previously been subject to a court martial is irrelevant: like Mr. LaBonte, they were all eligible to be considered for medical retirement, and this Court opted to grant retirement on the facts before it, rather than remand.

If the Court determines that a remand is appropriate, Mr. LaBonte respectfully requests that he be reinstated to the point in his DES processing that he has already completed: after completion of his Disability Benefits Questionnaires (DBQs) and the Narrative Summary (NARSUM), which, along with Mr. LaBonte's complete set of medical records, should provide the basis for a new medical opinion by the MEB Approval Authority and referral to an informal PEB. Mr. LaBonte further requests that this Court issue instructions that ensure his claim is processed fairly and expeditiously, consistent with its practice in other cases where it has ordered a remand. At a minimum, the Court should (1) instruct the Army to avoid lengthy, unnecessary reprocessing and instead make an expeditious decision based on full consideration of Mr.

LaBonte's medical record, including his already completed DBQs and NARSUM; (2) instruct

the Army to order Mr. LaBonte processed by an Approval Authority at the Military Treatment

Facility at West Point, where he was initially evaluated, consistent with standard military

practice and in order to avoid potential bias; and (3) instruct the Army to make its determination

by applying the governing medical retirement standards, consistent with applicable laws,

regulations, and with its initial (correct) decision to process Mr. LaBonte through the DES in

order to render a decision on the merits of his claim.

**CONCLUSION**

For the foregoing reasons, this Court has subject matter jurisdiction over Mr. LaBonte's

claim. Mr. LaBonte respectfully requests that this Court grant him medical retirement status, or,

in the alternative, to remand this case for appropriate disability evaluation processing.

Dated: November 19, 2019          Respectfully submitted,

/s/ Michael J. Wishnie

Julia M. Coppelman, Law Student Intern
Sam Davis, Law Student Intern
John Super, Law Student Intern
Renée A. Burbank, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
Yale Law School[*]
P.O. Box 209090
New Haven, CT 06520-9090
t. (203) 432-4800
f. (203) 432-1426
renee.burbank@ylsclinics.org
michael.wishnie@ylsclinics.org
Attorneys for Plaintiff

---

[*] This brief does not purport to represent the views of Yale Law School, if any.