# **CORRECTED**

## In the United States Court of Federal Claims

No. 18-1784C
(Filed: December 3, 2019)

|  |  |
|---|---|
| **ROBERT J. LABONTE JR.,** | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

## **ORDER**

The Court heard oral argument on the pending motions on December 3, 2019.

For the reasons set out orally on the record of the hearing, except as to one claim, the Complaint is DISMISSED under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for want of jurisdiction due to the plaintiff's conviction by court martial.

With respect to the plaintiff's claim that he should have been considered for medical retirement before being convicted by a court martial, the Court preliminarily finds it has jurisdiction because the Army Board for Correction of Military Records ("ABCMR") considered this claim on the merits. In the event the case returns after remand, the Court will allow the defendant to reassert its jurisdictional defense to this claim.

Because the ABCMR relied on a medical opinion that failed to consider medical evidence as required by 10 U.S.C. § 1552(h)(2)(B), its decision to reject the plaintiff's claim for medical retirement is contrary to law. *See Walls v. United States*, 582 F.3d 1358 (Fed Cir. 2009).

Accordingly, a decision on the cross-motions for judgment on the administrative record under RCFC 52.1 is deferred on this one claim. The decision of the ABCMR to reject the claim for medical retirement is VACATED, and the case is REMANDED to the ABCMR for a period not to exceed four months, until March 26, 2020, so that the ABCMR may obtain a further medical opinion that considers the medical evidence as required by law and thereafter resolve the plaintiff's claim.

2

      The parties shall file a Joint Status Report within 14 days of the decision of the ABCMR on remand advising as to what further proceedings may be necessary and proposing a schedule for them.

      The requirement under RCFC 52.2(b)(1)(D) that the parties file a Joint Status Report within 90 days of this Order is waived.

      The case is STAYED during the pendency of the proceedings on remand and until further order of the Court.

      The Clerk of Court is directed to serve a certified copy of this remand order on the Army Review Boards Agency, Army Board for Correction of Military Records, 251 18th Street South, Suite 385, Arlington, Virginia 22202-3531.

      It is so **ORDERED.**

                                                        s/ Richard A. Hertling
                                                        **Richard A. Hertling**
                                                        **Judge**