Doane stated: *"In November 2005 Mr. LaBonte participated in the Soldier Readiness Processing (SRP) in preparation for another deployment. He was counseled face to face by a medical professional"*.  Doane is intentionally misleading the board.  In 2005 the process was check the box, it had no screening for PTSD, TBI and there was no face to face counseling. Years later I believe 2008/2010 the (SRP) was improved to include face to face counseling and screening for PTSD/TBI.  Doane can spin his facts but can't change the record or history.

Doane stated: *"After careful review by the medical community he was determined to be deployable"*.  First, how would Doane know there was a *"careful review"*? Who or what is the medical community? Once again Doane embellished his facts to better fit his needs.  With in days of this (SRP) Rob's TBI and PTSD symptoms caused him to go AWOL to avoid returning to combat duty in IRAQ. Rob was not mentally or physically able to return to war in IRAQ.  A fact agreed to by every doctor *(except Doane, who is not a expert in TBI & PTSD)* who has read the facts and evidence.  In fact the **NARSUM** completed on April 2, 2018 by two MEB Doctors *(experts in TBI & PTSD)* found that Rob didn't meet retention standards for PTSD, GAD, MDD and TBI.  **Rob was not deployable**, **all while on active duty prior to separation.**

**The West Point NARSUM** completed on April 2, 2018.  **Not meeting retention standards: PTSD, GAD, MDD, TBI.**  All dated to active duty *(prior to separation)* Functional Activities: SM may not perform the following: Carry and fire individual assigned weapon *(BH conditions)*. Live in an austere environment without worsening the medical condition *(BH & TBI)*. **Not Deployable.  (Doane kept all key medical evidence from you)**

Doane had the results of the NARSUM for over a month.  Knowing he couldn't fight the NARSUM, which was completed by two MEB doctors, each being an expert in their field. **Each doctor found that my son's medical conditions DID NOT meet retention standards, at the time of his separation.** Doane then planned out a way to block Rob from getting to a board, thus blocking a rebuttal to his memo.  Doane believing the NARSUM results would then be a moot point never to be seen.  Overwhelming evidence of criminal intent to defraud my son.

From my reading, NARSUM is, in essence, the MEB.  Yet in my son's case the NARSUM is hidden. Emails show Rob's Peblo tried to use the NARSUM in support of Rob's case but she was overruled.  How could anyone think it's okay to have the knowledge that the NARSUM exists yet hid this vital medical evidence. I've been told by the people involved in Rob's process that this is the first case where the NARSUM was excluded by the approving authority.  Is this action legal?  For now, it appears Doane's corrupt plan actually was allowed to undo the medical evidence in the MEB DBQs & NARSUM.

My son's case is based on the fact that the Army didn't recognize, screen or treat Rob for his combat injuries/wounds while in service. Which resulted in his Bad Conduct Discharge, ending his Army career.  Every person who has read Rob's file agrees that the Army failed my son and he deserves to go through the *(DES)* process.  With the exception of one person Doane, who acted with malice and ended Rob's process as it was ready to go to the PEB, for final ratings.

002472

I noticed in email, that Doane sent his final memo to others, circumventing Rob's Peblo, why would he take this action. I learned through talking with three people involved in Rob's process that circumventing the Peblo has never been done before. The email exchanges show Ginny, *(Rob's Peblo)* was a strong advocate for Rob, *(Ginny saw the evidence and forwarded it all to Doane)* trying to convince everyone that the case should go to the board. That the MEB portion was complete and just needed to be signed. The emails clearly show Ginny disagreed with what Doane was doing. I believe Doane looked at Ginny as a threat to his premeditated plan to block Rob's board by fraudulent means. Doane then used a back door channel with someone at ABCMR to ensure no fact checking would uncover his corrupt plan. It appears Doane does whatever he wants, abusing his authority with his unchecked power.

Doane's email (*to Colleen Campbell only*) dated May 4, 2018 **"I will definitely be denying the requirement for a MEB at the time of discharge." "I have been discussion with the ABCMR folks about this case"**. At this point Doane now communicates only with Campbell and someone at ABCMR. He has chosen to remove Ginny Randazzo (PEBLO) from the email loop. Doane has the NARSUM results for over one month, and has been devising his plan. The ABCMR already denied my son getting a IDES process, but was overruled by DASA Blackmon when she granted the IDES processing. In Doane's own words he was working with someone at ABCMR to deny my son's MEB. Why would Doane circumvent Rob's Peblo and deal directly *(which I learned had never been done before Doane's actions)* with the ABCMR. The reason is clearly to prevent anyone from being able to do a single fact check. Another example of Doane's criminal intent (state of mind) and corrupt plan in action.

Doane's email (*to Colleen Campbell only*) dated May 15, 2018 "**I just needed some time to get my thoughts together on this**" and **"The final paragraph is a little different. So use 'Edit 3"**. Doane needed some time? He had the case for over two months (*average approval time is five to ten days*) working his fraudulent plan! He needed three edits *"to get his thoughts together on this"*. I can see why, fabricated false facts are hard to remember, with Doane's memo being almost entirely false facts. All facts and evidence show there is not one shred of truth in his entire final paragraph. Indisputable verifiable evidence shows the final paragraph is a complete fabrication by Doane. FOIA request for all documents thus far has not yielded Doane's Edit#1 and Edit#2 of his memo. Are these drafts being withheld or hidden?

Ginny Randazzo, *(Peblo)* through phone calls and several emails made it clear that what Doane was doing was wrong. In fact, in emails she assured Rob that his case would get signed and approved. That if Doane refused, she would seek another approving authority. The emails do show Ginny tried numerous times to have the case reviewed by someone other than Doane. Ginny also said in emails, that we would have the opportunity to fact check and rebut any claims in Doane's decision. We didn't get this opportunity because Doane circumvented Ginny and sent his memo directly (*action never taken by an approving authority*) to the ABCMR. In talking with people in my son's process, everyone knew of Doane's poor reputation and disdain for any veteran suffering with PTSD.

Doane's email (*to Colleen Campbell only*) dated May 15, 2018 *"I believe it is a standalone document that can go to the ABCMR as our reply".*  It had to be a standalone document, because it was a complete fraud.  This is the culmination of the fraudulent Doane plan.  His fraudulent memo is the only document that is forwarded to the ABCMR, so that no one was allowed to do a single fact check, nor was a rebuttal allowed. Doane intentionally and by fraudulent means blocked Rob's due process.

The ABCMR final decision was based on the fraudulent work/memo produced solely by Doane, who through indisputable verifiable evidence shows was unethical, libelous and fraudulent. Doane was given my son's case sometime in March.  Doane held up Rob's case for months while he devised and then implemented his fraudulent plan.  This blatant injustice done to a combat disabled veteran can not stand.  My son's IDES process should be allowed to proceed from the point at which Doane was allowed to block the process.  Doane single handedly used fraud (*I believe a felony criminal act*) to damage my son, the evidence speaks for itself and is beyond any doubt.  Doane's actions resulted in Rob being blocked from tens of thousands of dollars in retroactive retirement pay, Tricare Health Insurance for his two children, future CRSC pay and other retirement benefits.

Please reconsider, you have the authority to undo the horrible/fraudulent actions of Doane and make things right for my son and his family.   The facts and evidence speak for themselves, and are contained in my son's file.


Sincerely,

Robert J. LaBonte (senior)
Wethersfield Police Sergeant, (retired)
*Redacted PII*

SGTFROG56@GMAIL.COM



**DEPARTMENT OF THE ARMY**
DWIGHT DAVID EISENHOWER ARMY MEDICAL CENTER
300 E. HOSPITAL ROAD
FORT GORDON, GEORGIA 30905-5650

REPLY TO
ATTENTION OF:

MCHF-IDES-PEBLO                                                                                          15 MAY 2018

MEMORANDUM FOR Army Board for Correction of Military Records.

SUBJECT: Robert J LaBonte [Redacted PII] review for ABCMR

The case of Robert J LaBonte, SSN [Redacted PII] was referred to our office to determine if Mr. LaBonte should have been retired or discharged by reason of physical disability through the Integrated Disability Evaluation System (IDES) prior to separating from Active Duty.

**FINAL RECOMMENDATION**: After thorough review of Mr. LaBonte's available medical records, I have determined that Mr LaBonte did not require disability processing at the time of separation from Active Duty service.

Mr LaBonte and his legal team contend that because Mr. LaBonte currently has a 90% rating by the Veteran's Administration, he must therefore have been unfit for duty at the time of separation March 2008. After review of Mr. LaBonte medical record I can without hesitation conclude that at the time of his separation, Mr. LaBonte did not have indications of disabling PTSD and he did not have any symptoms of TBI. The record shows just the opposite. He was in good health with no physical limitations.

**PTSD**: Mr LaBonte's medical record review finds he did indeed seek mental health evaluation as a walk-in on 30 June 2004, after returning from being AWOL for two days. This represented Mr. LaBonte's second AWOL, the first being two weeks earlier for one day. His intake was accomplished by a 41D Mental Health specialist.

Mr. LaBonte was diagnosed with Adjustment disorder. His reported stressors included problems with the military and his girlfriend back home who was pregnant. He reported that his main problem started about two weeks prior.

At the end of this session, among other things, Mr. LaBonte was counseled that if he felt the need to come in and see someone, he could call and make an appointment. It is clear from the record, that although Mr. LaBonte did not officially leave active duty service until 31 March 2008 (almost four years later), he never sought psychiatric services again.

In November 2005, Mr. LaBonte participated in Soldier Readiness Processing (SRP), in preparation for another deployment. During the course of that SRP Mr. LaBonte's medical record was reviewed and he was also counseled face to face by a medical professional. Mr LaBonte indicated that he was in excellent health. He was specifically asked about mental health issues, and he indicated he had none. Mr. LaBonte signed this medical encounter form. After careful review by the medical community he was determined to be deployable.

Rather than deploy Mr. LaBonte again went AWOL and missed his deployment. In November 2006, Mr. LaBonte was placed in confinement at Fort Sill, OK. As part of the confinement process, new inmates must undergo a complete physical examination. Once again, Mr. LaBonte was cleared for confinement.

During all of his confinement period, up until the time Mr. LaBonte left Active Duty, he had access to the military health care system. The record shows that during this time he was seen and treated for occasional acute minor illnesses, but never for behavioral health issues. I saw no documentation of Mr. LaBonte request for any type of help from his chain of command, chaplain staff or the medical community as his legal team states.

**TBI**: Mr. LaBonte and his legal team report that he suffered a 30 foot fall and subsequent head bump and now has residual TBI. There is no documentation of this event, nor does Mr. LaBonte have any memory of the event.

The alleged treatment and follow up for this injury seems peculiar. The idea that a fellow MP provided 'sternal rub' and the aid station treated the laceration with stiches and no other follow up was provided, is extremely unlikely. Tikrit, Iraq was a major FOB. By the legal team's own admission there was a prison as well as a medical treatment facility at Tikrit. The US Military co-locates significant medical assets wherever there are prison operations. Under usual circumstances, Mr. LaBonte's fall would have been documented, he would have been seen by a physician and likely held for observation, if not elevated to care with advanced emergency capabilities.

Also of note, in most instances, the symptoms of TBI improve with time, not worsen, as it seems to have been the case with Mr. LaBonte. Furthermore, some four years after the fall, Mr. LaBonte, never came to any military clinic complaining of headaches, blurry vision, nausea, etc. Additionally, as already noted above, Mr. LaBonte was given a clean bill of health to deploy a year and a half after the reported fall event.

Finally, the scar that Mr. LaBonte allegedly received from his fall, the same scar the VA currently rates him service connected at 10%, was also noted in his 2002 MEPS induction physical examination. At the time Mr. LaBonte came on Active Duty his entrance examination documents a 1 inch scar, anterior forehead.

**Regulatory requirements for examinations**: Review of Army Regulations in use during this time are telling. I have already described how the military requires examinations and medical chart reviews during certain events, such as SRPs and pre-confinement. Mr. LaBonte went through these without any medical issues being raised. Additionally AR 635-200, June 2005 requires a soldier undergoing chapter separation to undergo a complete medical examination in accordance with AR 40-501. Also, AR 40-501, Table 8-2, December 2007, states that enlisted soldier being processed for separation under provisions of AR 635-200 chapters 13, 14 and 15 receive both a mental evaluation and a medical evaluation. This is required. I could only find one examination likely conducted during his separation process on 22 June 2007, where the health care professional documented Mr. LaBonte's 30 June 2004 one time visit, and confirmed

==Adjustment disorder.== Any serious behavioral health or other medical conditions raised during these examinations would have required further evaluation and appropriate disability processing would have been accomplished at that time.

**Final comment:** It should be noted as well that ==when Mr. LaBonte left the military in March of 2008,== ==he was still DEERS/Tricare eligible until August 2010.== That is, he had eligibility to return to any military treatment facility or use his Tricare benefit, for treatment for any condition he may have developed since leaving Active Duty. Apparently he was not in need of any healthcare during this period, which I would contend, ==further supports the finding that Mr. LaBonte was not in need of disability processing at the time of separation from Active Duty.==

DOANE.ERIC.L  Digitally signed by DOANE.ERIC.L Redacted PII
Redacted PII  Date: 2018.05.15 21:17:59 -04'00'

Eric L Doane, D.O.
Senior MEB Physician
DDEAMC, Fort Gordon, GA

*On the record, Rob was Court Martialed 23 October 2006. (removed active duty for confinement) Separated from service February 2007 with a Bad Conduct Discharge, ending his Army Career. NO Army benefits, NO V.A. benefits.*



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
8899 EAST 56TH STREET
INDIANAPOLIS, INDIANA 46249

The Honorable Richard Blumenthal
United States Senator
90 State House Square, 10th Floor
Hartford, CT 06103

AUG 28 2013

Dear Senator Blumenthal:

This is in response to your inquiry on behalf of your constituent, Mr. Robert Labonte, concerning his request for pay records for April 2003 to March 2008 from Defense Finance and Accounting Service (DFAS).

Pay records for Mr. Labonte from April 2003 to February 2007 are enclosed. There were no pay records for March 2007 to March 2008. ==Mr. Labonte separated from the Army in February 2007.==

We trust this information will be of assistance to you in your response to Mr. Labonte. If he has further questions, he may call our customer service representatives, toll-free, at 1-888-332-7411. Our mailing address is Defense Finance and Accounting Service-Indianapolis, ATTN: DFAS-JFLJA/IN, 8899 East 56th Street, Indianapolis, IN 46249-2301.

002477



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
8899 EAST 56TH STREET
INDIANAPOLIS, INDIANA 46249

AUG 28 2013

The Honorable Richard Blumenthal
United States Senator
90 State House Square, 10th Floor
Hartford, CT 06103

Dear Senator Blumenthal:

    This is in response to your inquiry on behalf of your constituent, Mr. Robert Labonte, concerning his request for pay records for April 2003 to March 2008 from Defense Finance and Accounting Service (DFAS).

    Pay records for Mr. Labonte from April 2003 to February 2007 are enclosed. There were no pay records for March 2007 to March 2008. Mr. Labonte separated from the Army in February 2007.

    We trust this information will be of assistance to you in your response to Mr. Labonte. If he has further questions, he may call our customer service representatives, toll-free, at 1-888-332-7411. Our mailing address is Defense Finance and Accounting Service-Indianapolis, ATTN: DFAS-JFLJA/IN, 8899 East 56th Street, Indianapolis, IN 46249-2301.

Sincerely,

David E. McDermott
Deputy Director, Operations

Enclosures:
As stated

63231/JFLJA/rl/rb

**Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US)**

| | |
|---|---|
| **From:** | Doane, Eric L CIV USARMY MEDCOM EAMC (US) |
| **Sent:** | Wednesday, April 4, 2018 6:35 AM |
| **To:** | Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) |
| **Subject:** | RE: #DES |
| **Signed By:** | eric.l.doane.civ@mail.mil |
| **Sensitivity:** | Personal |

Ms Randazzo. I cannot sign this.

The ABCMR-Army Board of Corrections of Military Records was sent to your IDES to determine whether PDES processing WAS WARRENTED at the time of separation. Clearly it was NOT warranted.

There is nothing in AHLTA. His last AHLTA entry was 2006 and he separated in 2008. He was on no profiles. He was on no medications.

He cannot come back years later after receiving VA ratings and now demand that he should have been put through the MEB.

If you would like our shop to do this ABCMR for you, we can. But I won't sign this as no MEB required at the time of separation.

ELD.

[handwritten annotations: "False ← Sol was Court martial 23 Oct 2006 THAT'S why no AHLTA entry after 2006"]

-----Original Message-----
From: Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US)
Sent: Tuesday, April 3, 2018 2:18 PM
To: Doane, Eric L CIV USARMY MEDCOM EAMC (US) <eric.l.doane.civ@mail.mil>
Subject: #DES
Sensitivity: Personal

Hello Dr. Doane,

Could you please review and sign this medical board for my ABCMR case?

Thank You.

Ginny Randazzo
Physical Evaluation Board Liaison Officer (PEBLO)
DoD/VA IDES Office
Availability for Soldiers & Units: M- F 0730-1515 EST

IDES OFFICE c/o HVHCS
Montrose Campus Building 14AB
2094 Albany Post Road
Montrose, NY 10548
Virginia.G.Randazzo.civ@mail.mil

1

From: Doane, Eric L CIV USARMY MEDCOM EAMC (US)

Sent: Sunday, April 15, 2018 8:30 PM

To: Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) <virginia.g.randazzo.civ@mail.mil>

Cc: Campbell, Colleen P CIV USARMY MEDCOM KACH (US) <colleen.p.campbell3.civ@mail.mil>

Subject: RE: [Non-DoD Source] Memo for Approving Authority on Mr. LaBonte's Treatment History

Well this is amazing. I will have to digest this in detail next week and perhaps call someone at the ABCMR. What is your suspense on this? I'm still not convinced we are being forced to do IDES processing on him.

**Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US)**

| | |
|---|---|
| **From:** | Campbell, Colleen P CIV USARMY MEDCOM KACH (US) |
| **Sent:** | Monday, April 30, 2018 3:23 PM |
| **To:** | Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) |
| **Cc:** | Brooker, Bobbie A CIV USARMY MEDCOM RHC-A (US) |
| **Subject:** | FW: [Non-DoD Source] Memo for Approving Authority on Mr. LaBonte's Treatment History |
| **Signed By:** | colleen.p.campbell3.civ@mail.mil |

-----Original Message-----
From: Doane, Eric L CIV USARMY MEDCOM EAMC (US)
Sent: Monday, April 30, 2018 3:21 PM
To: Campbell, Colleen P CIV USARMY MEDCOM KACH (US) <colleen.p.campbell3.civ@mail.mil>; Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) <virginia.g.randazzo.civ@mail.mil>
Subject: RE: [Non-DoD Source] Memo for Approving Authority on Mr. LaBonte's Treatment History

Ms Campbell, I will have a response to you by tomorrow, latest Wednesday. There is clearly no basis for this soldier requiring a MEB prior to his separation. Please wait for my response to this ABCMR.

Eld.

-----Original Message-----
From: Campbell, Colleen P CIV USARMY MEDCOM KACH (US)
Sent: Friday, April 20, 2018 9:13 AM
To: Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) <virginia.g.randazzo.civ@mail.mil>; Doane, Eric L CIV USARMY MEDCOM EAMC (US) <eric.l.doane.civ@mail.mil>
Subject: RE: [Non-DoD Source] Memo for Approving Authority on Mr. LaBonte's Treatment History

Gmorning,

If there is still an issue with signing this board please let me know, we will have COL Dawson do the review. I have already fielded inquiries this week from MEDCOM as to the status of completion.

Thanks very much~

1

**Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US)**

| | |
|---|---|
| **From:** | Campbell, Colleen P CIV USARMY MEDCOM KACH (US) |
| **Sent:** | Friday, May 4, 2018 10:34 AM |
| **To:** | Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) |
| **Subject:** | FW: Status of ABCMR case? |
| **Signed By:** | colleen.p.campbell3.civ@mail.mil |

-----Original Message-----
From: Doane, Eric L CIV USARMY MEDCOM EAMC (US)
Sent: Friday, May 4, 2018 10:33 AM
To: Campbell, Colleen P CIV USARMY MEDCOM KACH (US) <colleen.p.campbell3.civ@mail.mil>
Subject: RE: Status of ABCMR case?

Thanks Colleen. Appreciate your patience. I will definitely be denying the requirement for a MEB at the time he was discharged. Document to follow on Monday. I have been discussion with the ABCMR folks about this case.

-----Original Message-----
From: Campbell, Colleen P CIV USARMY MEDCOM KACH (US)
Sent: Friday, May 4, 2018 10:03 AM
To: Doane, Eric L CIV USARMY MEDCOM EAMC (US) <eric.l.doane.civ@mail.mil>
Subject: Status of ABCMR case?

Greetings,

Just following up to see where you are at with Ginny's ABCMR case, thanks very much

v/r,
Colleen

Colleen P. Campbell
Chief, Patient Affairs Branch
Supervisory Health Systems Specialist (PEBLO)
Keller Army Community Hospital
West Point, NY 10996

c/o DoD/VA IDES Office MCUD-PAD-IDES (620MA)
Hudson Valley Healthcare System (HVHCS) Building 14AB
2094 Albany Post Road
Montrose, NY 10548
WP: 914-737-4400 x3625
FAX: 914-788-4861
colleen.p.campbell3.civ@mail.mil

1

 

**Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US)**

| | |
|---|---|
| **From:** | Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) |
| **Sent:** | Wednesday, June 6, 2018 9:51 AM |
| **To:** | Earl, Avis L CIV USARMY HQDA OTSG (US) |
| **Subject:** | FW: LaBonte ABCMR |
| **Attachments:** | LaBonte ABCMR Edit 3.pdf |
| **Signed By:** | virginia.g.randazzo.civ@mail.mil |
| **Sensitivity:** | Confidential |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Earl, Avis L CIV USARMY HQDA OTSG (US) | Read: 6/6/2018 10:53 AM |

Memo from Dr. Doane.

Thank you.

Ginny Randazzo
Physical Evaluation Board Liaison Officer (PEBLO)
DoD/VA IDES Office
Availability for Soldiers & Units: M- F 0730-1515 EST

Link to the MEB Patient Satisfaction Survey:
https://ice.disa.mil/index.cfm?fa=card&sp=140771&s=1327&dep=


-----Original Message-----
From: Campbell, Colleen P CIV USARMY MEDCOM KACH (US)
Sent: Monday, May 21, 2018 11:12 AM
To: Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) <virginia.g.randazzo.civ@mail.mil>
Subject: FW: LaBonte ABCMR
Sensitivity: Confidential


-----Original Message-----
From: Doane, Eric L CIV USARMY MEDCOM EAMC (US)
Sent: Tuesday, May 15, 2018 9:22 PM
To: Campbell, Colleen P CIV USARMY MEDCOM KACH (US) <colleen.p.campbell3.civ@mail.mil>
Subject: LaBonte ABCMR

Hi Ms Campbell.

So here it is. I just needed some time to get my thoughts together on this. I believe it is a standalone document that can go to the ABCMR as our reply. This soldier would not have been entered into the MEB process back when he separated. That is the issue at hand, not that he is currently disabled with a 90% rating. Let me know what you think.

1

**002483**

==I sent you an earlier one, 'Edit 2', which I tried to recall.  If you go it please ignore.  Use this one. The final paragraph is a little different. So use 'Edit 3'.==

R, ELD.

==Eric L Doane, D.O.==
Senior MEB Physician
DDEAMC, Fort Gordon, GA

706.787.1414

2

002484

-----Original Message----- From: Randazzo, Virginia G (Ginny) CIV USARMY MEDCOM KACH (US) [Caution-Cautionmailto:virginia.g.randazzo.civ@mail.mil] Sent: Monday, May 21, 2018 9:38 AM To: Samuel Davis <sam.davis@ylsclinics.org> Cc: Diana Lee <diana.lee@ylsclinics.org>; Aaron Wenzloff <aaron.wenzloff@ylsclinics.org> Subject: RE: Checking in on Mr. Labonte's LDES proceeding

I will have to get back to you- I was told on Friday that the Approving Authority wrote a statement saying that the Soldier was not eligible for a medical board. When I asked who he can appeal about the decision, I was told that he doesn't have an appeal option. I was told that the Approving Authority's memo will go to the ABCMR and then we would be done with the case.

When I asked why he doesn't have an appeal option, they told me that the ABCMR directed us to make a decision about whether or not he qualified for a medical board and did not direct us to conduct a board- therefore all that is needed is the memo from the Approving Authority since he opined that the Soldier does not qualify.

I don't have the memo, because he sent it to my supervisor and not me. I have to review the ABCMR memo and discuss what to do with my supervisor.

Therefore, please give me a couple of days to get back to you. Have a really busy week scheduled and will do my best to get back to you ASAP.

4
Thank you. Ginny Randazzo Physical Evaluation Board

*By PASSED Ginny* (handwritten annotation)